J-S81034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYREE WALLACE | |
| Appellant | No. 423 EDA 2016 |

Appeal from the PCRA Order January 8, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0407921-1998

BEFORE:  BOWES, J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED NOVEMBER 15, 2016**

Appellant appeals from the order entered in the Court of Common Pleas of Philadelphia County dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

In affirming the denial of Appellant's fourth PCRA petition, this Court set forth the relevant facts and procedural history, in part, as follows:

> On November 30, 1999, a jury found Appellant guilty of second-degree murder, robbery, conspiracy, and possession of an instrument of crime based upon Appellant's participation in the October 27, 1997[,] robbery and murder of Jhon Su Kang. Appellant was sentenced to life imprisonment, and, on appeal, we affirmed.  **Commonwealth v. Wallace**, [856 EDA 2000] (Pa.Super. 2001) [(unpublished memorandum)].  In so doing,

---

[*] Former Justice specially assigned to the Superior Court.

we extensively analyzed the evidence adduced against Appellant at trial, and we now briefly summarize our prior review of the Commonwealth's proof.

On October 26, 1997, Appellant, Raheem Shackleford, and Matthew Corprew decided to rob the Salt & Pepper Deli, which was owned by Mr. Kang and located at 1640 Ellsworth Street, Philadelphia. Shortly before 10:00 p.m. on Monday, October 27, 1997, Appellant, Shackleford, and an unidentified female entered the store, purchased an item, and left. Mr. Kang and one of his employees, Van Griffin, then closed the Salt & Pepper Deli. Mr. Kang was walking toward his car and carrying a paper bag when Appellant and Shackleford approached him, beat him, shot him, and took the bag.

After the crime, Corprew confessed to police that he operated as a lookout for the other two perpetrators. Corprew's statement was admitted into evidence, but was heavily redacted so that the portion remaining "contained a single reference to a co-defendant which was redacted to read 'that's when a guy came up to me and asked what was up [and] did I want to get a couple dollars[.]'" *Id.* (unpublished memorandum at 2).

Mr. Griffin was shown photographic arrays and identified Appellant and Shackleford as the two men who entered the store just prior to 10:00 p.m. on October 27, 1997. James Davis related that the afternoon before the crime, Appellant and Shackleford asked him to participate in its commission, but Davis declined. That evening, Davis, who lived within blocks of the Salt & Pepper Deli, encountered Appellant, Shackleford[,] and Corprew. At that time, Shackleford told Davis that he had secured a shotgun and revealed a portion of the gun, which was protruding from Shackleford's trousers. A few days after October 27, 1997, Shackleford told Davis that the robbery was unsuccessful and that the perpetrators had recovered approximately $100. Commonwealth witness Brian Brooks testified that he overheard Corprew and Appellant plan the robbery and that, after its commission, Appellant told Mr. Brooks that Shackleford shot the victim.

Appellant, Shackleford, and Corprew proceeded to a joint trial. During the course of that proceeding, Corprew elected to plead guilty to third degree murder. Appellant was convicted of the above-described offenses[,] and [on November 30, 1999, he was] sentenced to life imprisonment. After we affirmed

- 2 -

Appellant's judgment of sentence [on April 17, 2001], our Supreme Court denied review on August 29, 2001. ***Commonwealth v. Wallace***, [226 EAL 2001 (Pa. filed 8/29/01) (*per curiam* order)]. [Appellant did not file a writ of *certiorari* with the United States Supreme Court.]

On August 14, 2002, Appellant filed a timely PCRA petition, counsel was appointed, and counsel filed an amended petition raising an allegation that trial counsel was ineffective. After conducting a hearing, the PCRA court denied relief, and no appeal was filed. On July 17, 2006, Appellant filed a second petition, which was dismissed as untimely. An ensuing appeal also was dismissed based on Appellant's failure to file a docketing statement. Pursuant to a third PCRA petition, Appellant successfully obtained reinstatement of his appellate rights from the denial of his first PCRA petition, and, on June 9, 2010, we affirmed the denial of the first PCRA petition. ***Commonwealth v. Wallace***, [470 EDA 2009 (Pa.Super. filed 6/9/2010)] (unpublished memorandum).

Five days later, on June 14, 2010, Appellant filed a fourth PCRA petition. He alleged that he was entitled to a new trial based upon newly-discovered evidence consisting of two affidavits executed by Corprew on March 7, 2007. Appellant alleged that he did not discover the existence of the affidavits until June 20, 2009, when Shackleford forwarded them to him....In the March 7, 2007[,] affidavits, Corprew claimed that he acted alone on October 27, 1997, that he shot and robbed the victim, and that Appellant and Shackleford were innocent of the crimes.

The PCRA court appointed counsel and scheduled a hearing. Prior to the hearing, the Commonwealth provided the PCRA court [and PCRA counsel] with documentation that indicated that Corprew was mentally ill. The court therefore appointed counsel for Corprew and ordered an independent competency evaluation of that co-defendant. On December 6, 2010, after personally evaluating Corprew, a psychiatrist, Dr. Pietro Miazzo, concluded that Corprew was delusional and incapable of distinguishing between fantasy and reality and that Corprew was incompetent. Thereafter, Appellant asked the PCRA court to conduct a competency hearing, which was held on October 21, 2011. After that hearing, the PCRA court concurred

- 3 -

that Corprew was not competent to testify [at the PCRA evidentiary hearing].

Appellant then submitted a memorandum arguing that Corprew's affidavits should be admitted at a PCRA hearing as substantive evidence. Appellant asked that the PCRA court determine, based upon the March 7, 2007[,] affidavits, whether Appellant was entitled to a new trial. The PCRA court ruled that the affidavits were inadmissible hearsay and that they did not fall within the exception to the hearsay rule applicable to declarations against penal interest....[T]he PCRA court, on March 30, 2012, dismissed Appellant's June 14, 2010[,] PCRA petition. [In an ensuing appeal, this Court affirmed on May 10, 2013.]

**Commonwealth v. Wallace**, No. 1110 EDA 2012, *1-5 (Pa.Super. filed 5/10/13) (unpublished memorandum).

On August 7, 2013, Appellant filed another *pro se* PCRA petition, which privately-retained PCRA counsel amended. The Commonwealth filed a motion to dismiss, and on December 7, 2015, the PCRA court provided Appellant with notice of its intent to dismiss. Appellant did not file a response, and by order entered on January 8, 2016, the PCRA court dismissed Appellant's August 7, 2013, petition on the basis it was untimely filed. Appellant filed a timely, counseled notice of appeal, and all Pa.R.A.P. 1925 requirements have been met.

Preliminarily, we must determine whether Appellant's instant PCRA petition was timely filed. **See Commonwealth v. Hutchins**, 760 A.2d 50 (Pa.Super. 2000). "Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v.**

- 4 -

***Wojtaszek***, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after

the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 719 (2008) (citation omitted).

In the case before us, Appellant was sentenced on November 30, 1999, and this Court affirmed his judgment of sentence on April 17, 2001. Appellant filed a petition for allowance of appeal, which our Supreme Court denied on August 29, 2001. Thereafter, Appellant did not seek further review in the United States Supreme Court. Accordingly, his judgment of sentence became final for PCRA purposes on or about November 29, 2001, upon expiration of the time to seek *certiorari* with the United States Supreme Court. ***See*** U.S.Sup.Ct.R. 13 (allowing ninety days to file a petition for *certiorari*). Thus, Appellant had one year from that date, or until approximately November 29, 2002, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b). However, Appellant did not file his instant PCRA petition until August 7, 2013, and therefore, it is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

This does not end our inquiry, however, as Appellant asserts he is entitled to the timeliness exception of 42 Pa.C.S.A. § 9545(b)(1)(ii) on the basis of "the newly-discovered evidence that Corprew had serious chronic

- 6 -

mental health problems which rendered him incompetent and his [1998] statements to police inadmissible [at Appellant's trial]." Appellant's Brief at 7-8. Our Supreme Court has unequivocally explained that "the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim." *Commonwealth v. Abu–Jamal*, 596 Pa. 219, 941 A.2d 1263, 1268 (2008). Rather, the exception only requires a petitioner to prove that the facts were unknown to him and that he exercised due diligence in discovering those facts. *Commonwealth v. Breakiron*, 566 Pa. 323, 781 A.2d 94, 98 (2001) (rejecting attempt to invoke section 9545(b)(1)(ii) because appellant failed to offer any evidence that he exercised due diligence in obtaining facts upon which his claim was based).

"Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa.Super. 2011) (citations omitted).

Additionally, as this Court has often explained, all of the time-bar exceptions are subject to a separate deadline.

> The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be filed within sixty (60) days of the time the claim could first have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2). The sixty (60) day time limit . . . runs from the date the petitioner first learned of the alleged after-discovered facts. A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter.

- 7 -

***Williams***, 35 A.3d at 53 (citation omitted).

Here, in finding Appellant did not meet his burden, the PCRA court focused on Section 9545(b)(2), concluding Appellant failed to demonstrate that he presented his claim within sixty days of the time the claim could first have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(2). In this regard, the PCRA court noted the record reveals that, in his fourth PCRA petition, Appellant argued he had newly-discovered evidence in the form of two affidavits from Corprew in which Corprew claimed he acted alone in the robbing and shooting of the victim. During the litigation of Appellant's fourth PCRA petition, prior to the scheduled September 3, 2010, evidentiary hearing, the Commonwealth informed PCRA counsel that Corprew was mentally ill. PCRA Court's Opinion, filed 4/13/16, at 6-7. During a December 6, 2010, competency hearing, Dr. Miazzo informed the PCRA court that Corprew had schizophrenia, and accordingly, on October 21, 2011, the PCRA court ruled that Corprew was not competent to testify at an evidentiary hearing as to Appellant's fourth PCRA petition. ***Id.*** at 6-7.

Based on these facts, the PCRA court concluded that, as of at least September 3, 2010, when the Commonwealth submitted to Appellant's previous PCRA counsel records of Corprew's mental incapacity, Appellant had reason to know of Corprew's long history of mental illness, which pre-dated his 1998 statement to the police. ***Id.*** at 7. Accordingly, the PCRA court reasoned that Appellant's inclusion of the claim within his August 7, 2013,

petition was not within sixty days of date the claim could have been presented as required under Section 9545(b)(2), to invoke any of the timeliness exceptions under Section 9545(b)(1).

Appellant contends that the PCRA court erred in this regard since (1) the PCRA court failed to recognize that the mental incapacity discovered by Appellant on September 3, 2010, related solely to Corprew's mental capacity to testify at a 2010/2011 PCRA evidentiary hearing, as opposed to his mental capacity at the time he gave his statement to police in 1998; (2) even if Appellant learned, as of September 3, 2010, of the mental incapacity of Corprew to give his 1998 statement to police, Appellant could not present the claim until after the resolution of his then pending, fourth PCRA petition; and (3) Appellant did not personally learn that Corprew was mentally incapacitated when he made his 1998 statement to police until June 27, 2013 "when he finally received a copy of Corprew's mental health records from his prior [PCRA] attorney[.]" Appellant's Brief at 17, 11.

We find Appellant's averments to be unavailing. Assuming, *arguendo*, Corprew's mental health records were not available prior to or at the time of Appellant's trial, Appellant admits that his PCRA counsel, who litigated his fourth PCRA petition, had evidence of Corprew's long history of mental health disorders, which pre-dated the crime in this case, as of 2010 or 2011. **See** Appellant's Brief at 10-11, 13. In fact, in his brief, Appellant acknowledges:

It was not until Appellant was granted an evidentiary hearing in relation of his June 14, 2010[,] [PCRA] [p]etition that Appellant learned _for the very first time_ that Corprew had a long history of having several very serious mental health disorders. This more likely than not rendered him incompetent to provide competent testimony (in the form of his [1998] statement to police) at Appellant's trial.

Appellant's Brief at 13 (emphasis in original).

Appellant has failed to explain why his prior PCRA counsel could not have sought to amend Appellant's fourth PCRA petition, which was not dismissed by the PCRA court until March 30, 2012.

We find unavailing Appellant's suggestion that, pursuant to **Commonwealth v. Lark**, 560 Pa. 487, 746 A.2d 585 (2000), he could not have raised his claim until the appeal of his fourth PCRA petition was resolved by the highest state court in which review was sought, or upon the expiration of the time for seeking such review. Appellant's Brief at 20. Our Supreme Court's decision in **Lark** held only that when new facts are discovered while the petitioner's previous PCRA petition is pending on appeal, the petitioner may not file a subsequent PCRA petition until the appeal process has completed. **Id.** at 493, 746 A.2d at 588. Our Supreme Court explained that this is because while the appeal is pending, the PCRA court "ha[s] no jurisdiction to adjudicate issues directly related to [the] case[.]" **Id.**

In contrast, the record in the case _sub judice_ reveals Appellant learned of the facts upon which he bases the claim he seeks to raise while his fourth

PCRA petition was being heard by the PCRA court. Thus, Appellant could have, and indeed should have, sought to amend his PCRA petition and raise this issue in the PCRA court at that time. *See* Pa.R.Crim.P. 905(A) ("The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice.").

Finally, we note Appellant contends that, even if his prior PCRA counsel knew of Corprew's long history of mental illness, which pre-dated his 1998 statement to the police, Appellant did not personally learn of Corprew's history of mental illness until June 27, 2013, the day he received Corprew's mental health records from his prior PCRA counsel (who litigated the fourth PCRA petition). However, Appellant has failed to explain why, with the exercise of due diligence, he could not have received the mental health records from his prior PCRA counsel in a more timely manner, particularly given the fact Appellant was clearly on notice that Corprew was incompetent to testify at the 2010/2011 PCRA evidentiary hearing relative to his fourth PCRA petition. *See Williams*, *supra*.

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/15/2016